UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 12-06554 SJO (VBKx)     **DATE:** August 8, 2012

**TITLE:** Philip Ramirez v. City of Alhambra, et al.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                 Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                      Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO STATE COURT**

This matter is before the Court on Defendants City of Alhambra, Michael Page, and James Poggensee's (collectively, "Defendants") Notice of Removal ("Notice"), filed on July 30, 2012. (Docket No. 1.) For the following reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Philip Ramirez ("Plaintiff") filed a Second Amended Complaint ("SAC") in state court on July 26, 2012. (Notice Ex. A ("SAC") ¶ 4, July 30, 2012, ECF No. 1.) Defendants Michael Page and James Poggensee are both employed as police officers by Defendant City of Alhambra. (SAC ¶ 2-3.) Plaintiff's SAC alleges several claims arising out of an incident when Defendants Page and Poggensee entered Plaintiff's home impermissibly and caused Plaintiff injury. (*See generally* SAC.) In addition to claims of assault, battery, and negligence, Plaintiff's fourth claim alleges that his civil rights, secured by the Fourth Amendment to the United States Constitution, were violated when Defendants Page and Poggensee entered Plaintiff's home without his consent or a warrant and used excessive force against Plaintiff. (SAC ¶¶ 45-55.) Plaintiff alleges that Defendants violated California Civil Code section 52.1 by threatening and intimidating Plaintiff as well as entering his home without a warrant using unreasonable force against him. (SAC ¶¶ 46-47.) Plaintiff seeks general, exemplary, and punitive damages against all Defendants. (SAC, Prayer for Relief.)

On July 30, 2012, Defendants removed this case to the Central District of California. (*See generally* Notice.) Defendants assert that Plaintiff's Second Amended Complaint alleges a federal cause of action pursuant to 42 U.S.C. § 1983. (Notice ¶ 3.) Defendants assert that this Court therefore has original jurisdiction under 28 U.S.C. § 1331, which grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 12-06554 SJO (VBKx)</u>      DATE: <u>August 8, 2012</u>

II.    <u>DISCUSSION</u>

   A.    <u>*Sua Sponte* Challenge to Subject Matter Jurisdiction</u>

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case. *Id.* at § 1447(c). The Ninth Circuit has noted that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). The Court finds it appropriate to determine whether jurisdiction exists in this case.

   B.    <u>Legal Standard for Removal</u>

Under 28 U.S.C. § 1441, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

   C.    <u>Federal Question Jurisdiction</u>

Pursuant to 28 U.S.C. § 1331, federal courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists "only [in] those cases in which a well-pleaded complaint establishes either that federal law **creates the cause of action** or that the plaintiff's right to relief **necessarily depends** on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 28 (1983) (emphasis added); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). "When a claim can be supported by alternative and independent theories - one of which is a state law theory and one of which is a federal law theory - federal question jurisdiction does not attach because federal law is not a necessary element of the claim. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). Federal question jurisdiction must be apparent on the face of a well-pleaded complaint, and cannot be based on the defenses or counterclaims alleged by a defendant. *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985).

Defendants argue that removal is proper because Plaintiff's fourth cause of action contains a claim under 42 U.S.C. § 1983 (Notice ¶ 3), which provides a civil cause of action to individuals that have been deprived of federal rights. 42 U.S.C. § 1983. However, nowhere in Plaintiff's SAC does he allege a cause of action under § 1983. (*See generally* SAC.) Plaintiff's civil rights claim is brought

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.:  CV 12-06554 SJO (VBKx)              DATE:  August 8, 2012

under California Civil Code sections 52.1 and 52.  (*See* SAC  ¶¶ 45-55.)  California Civil Code section 52.1 provides a civil right of action to:

> [a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with . . . .

Cal. Civ. Code § 52.1.

The complaint need not expressly allege a violation of a federal statute for federal jurisdiction to exist.  "[A] plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law **essential** to his claim, or by casting in state law terms a claim that can be made **only** under federal law.'"  *Rains*, 80 F.3d at 344 (quoting *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984)) (emphasis added).  In order to give rise to federal jurisdiction, the stated claims must be "federal in character[,] [and] the right to relief [must] **depend**[] **on the resolution of a substantial, disputed federal question**."  *Larsen v. County of San Benito*, No. 5:10-CV-00732, 2010 WL 2985495, at *2 (N.D. Cal. July 27, 2010) (emphasis added).

Plaintiff's claim, however, does not necessarily depend on the resolution of a federal issue.  Plaintiff alleges a violation of California state law, specifically California Civil Code section 52.1.  (*See* FAC ¶¶ 46-50.)  Section 52.1 provides a state law cause of action for violations of the federal or state constitution.  Cal. Civ. Code § 52.1.  Plaintiff's sole mention of federal law is a reference to the United States Constitution, which he refers to as a potential basis for proving the state law claim.  (SAC ¶¶ 46, 47.)  Thus, in order to establish a violation of section 52.1, Plaintiff can prove that his federal constitutional rights were violated.  Cal. Civ. Code § 52.1.  However, Plaintiff's relief does not necessarily turn on establishing that Defendants violated the United States Constitution.  Plaintiff can succeed on his claim by proving a violation of the laws of the State of California.  *See* SAC ¶ 47; *see also* Cal. Civ. Code § 52.1.  Because Plaintiff's claim could also "be supported by alternative and independent" state law theories of liability, the claim does not necessarily arise under federal law.  *Rains*, 80 F.3d 346; *Martinez v. City of Fairfield*, No. 2:7-cv-02449, 2008 WL 3544755, at *2 (E.D. Cal. Aug. 13, 2008) (finding no federal question jurisdiction because plaintiff's claims could have been based on section 52.1); *Larsen*, 2010 WL 2985495, at *3 (finding no federal question jurisdiction where "each of Plaintiff's claims has a separate and independent basis under the California Civil Code, and thus does not necessarily arise under federal law.").

Defendants have not met their burden of establishing that Plaintiff's state law claim turns on a substantial and disputed issue of federal law; therefore, the Court resolves this doubt in favor of remand and finds that it does not have federal question jurisdiction over this case.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

| | |
|---|---|
| **CASE NO.:** <u>CV 12-06554 SJO (VBKx)</u> | **DATE:** <u>August 8, 2012</u> |

III.    <u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this case to the Superior Court of California, County of Los Angeles.  This action shall close.

IT IS SO ORDERED.